UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOHN ERICKSON,

       Plaintiff,

v.                                              CASE No. 8:13-CV-1908-T-TGW

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

       Defendant.

_____

O R D E R

       The plaintiff in this case seeks judicial review of the denial of his claims for Social Security disability benefits and supplemental security income payments.[*] Because the decision of the Commissioner of Social Security is supported by substantial evidence and does not contain reversible error, the decision will be affirmed.

I.

       The plaintiff, who was fifty-three years old at the time of the administrative hearing and who has a high school education and a degree in

---

[*]The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge (Doc. 17).

medical coding, has worked as a medical biller, welder, and construction worker (Tr. 33, 222). He filed claims for Social Security disability benefits and supplemental security income payments, alleging that he became disabled due to hypertension, hypertensive cardiovascular disease, severe back pain, cervical spine impairment, degenerative disc disease, lumbar spine impairment and headaches (Tr. 167). The claims were denied initially and upon reconsideration.

The plaintiff, at his request, then received a <u>de novo</u> hearing before an administrative law judge. The law judge found that the plaintiff had severe impairments of (Tr. 12):

> degenerative disk disease of the lumbar spine status post diskectomy at the L3-4 level; degenerative disk disease of the cervical spine status post diskectomy and fusion at the C5-6 level; history of effusion and infiltrates of the lungs; chronic obstructive pulmonary disease; hypertension; peptic ulcer disease; chronic kidney disease; anemia; depression; [and] a history of alcoholism and narcotic drug dependence.

The law judge concluded that, with those impairments (Tr. 16):

> the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except he cannot

climb ladders, ropes or scaffolds.   He can occasionally climb stairs or ramps, balance, stoop, crouch, kneel, or crawl. He can have occasional exposure to vibrations and uneven terrain. He can have occasional exposure to chemicals, dust, fumes or gases. He can have no exposure to unprotected heights. He is unable to maintain concentration, persistence or pace about 4 minutes per workday hour.

Based on the testimony of a vocational expert, the law judge determined that the plaintiff retained the residual functional capacity to return to his past relevant work as a medical biller (Tr. 21). The law judge therefore ruled that the plaintiff was not disabled (id.). The Appeals Council let the decision of the law judge stand as the final decision of the defendant.

## II.

In order to be entitled to Social Security disability benefits and supplemental security income, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which ... has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. 423(d)(1)(A), 1382c(a)(3)(A). A "physical or mental impairment," under the terms of the Social Security Act, is one "that results from anatomical, physiological, or

psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. 423(d)(3), 1382c(a)(3)(D). The Act provides further that a claimant is not disabled if he is capable of performing his previous work. 42 U.S.C. 423(d)(2)(A), 1382c(a)(3)(B).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence. 42 U.S.C. 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938). Under the substantial evidence test, "findings of fact made by administrative agencies ... may be reversed ... only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004)(en banc), cert. denied, 544 U.S. 1035 (2005).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the

witnesses. Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971). Similarly, it is

the responsibility of the Commissioner to draw inferences from the evidence,

and those inferences are not to be overturned if they are supported by

substantial evidence. Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir.

1963).

Therefore, in determining whether the Commissioner's decision

is supported by substantial evidence, the court is not to reweigh the evidence,

but is limited to determining whether the record as a whole contains sufficient

evidence to permit a reasonable mind to conclude that the claimant is not

disabled. However, the court, in its review, must satisfy itself that the proper

legal standards were applied and legal requirements were met. Lamb v.

Bowen, 847 F.2d 698, 701 (11th Cir. 1988).

### III.

The plaintiff's sole argument is stated as follows (Doc. 24, p. 6):

The administrative law judge decision was in error
because it did not properly evaluate the plaintiff's
subjective complaints and/or that portion of the
hearing testimony where plaintiff described his
limitations was inaudible and it is impossible for
reviewing court to determine if the administrative

law judge decision properly considered the plaintiff's subjective complaints.

The thrust of this contention is that this court cannot review the law judge's credibility determination because a few of the plaintiff's words concerning his alleged limitations are inaudible in the hearing transcript (id., pp. 6-7). The plaintiff's contention is unpersuasive because the record reflects, in detail, the plaintiff's alleged impairments and subjective complaints, and the law judge evaluated all of those alleged disabling impairments in the decision.

At the administrative hearing, the plaintiff stated that he could not work due to "[s]eizures, my neck, my back" (Tr. 34). Specifically, the plaintiff testified that his neck pain is "constantly there" and, in terms of severity, the pain is a 7 on a scale of 1 to 10, with 10 being pain that necessitates an ambulance (Tr. 34-35, 37). The plaintiff elaborated that his neck pain is "[l]ike a burning pain, shooting pain" that "radiates ... into my head and down to my ... rib cage area" (Tr. 38; see also Tr. 37, 183).

The law judge also asked the plaintiff several questions regarding how the neck pain allegedly affects the plaintiff's functioning (Tr. 38):

Q: Any difficulty holding your head [in a] fixed position if you were working over a bench or a desk or something like that?

A: Yes, I would.

Q: What happens if you try to do that?

A: Just I get dizzy and the pain is there.

Q: Any problems looking to the left or the right?

A: Occasionally.

Q: What happens when you try to do that?

A: Like I say, it almost feels like the bone is fixed and then it like snaps and I get that pain.

Q: Any difficulty looking up?

A: Yes.

Q: To the sky or down to your feet?

A: Yes.

Q: What happens when you do that?

A: The same thing, just pain.

The plaintiff also testified to stomach pain, trouble breathing, and back pain, which sometimes causes numbness in his legs and feet (Tr. 35, 37, 40, 44-45).

Further, the plaintiff admitted to having difficulties with alcohol and that he had been diagnosed as dependent on narcotics (Tr. 43, 49). The plaintiff alleged that, as a result of his ailments, he could stand and sit for only 5-10 minutes at a time, which he alternated with lying down; he could walk one block at a time; and that he was told not to lift more than 10 pounds (Tr. 40, 41).

The inaudible words that are the basis for this appeal follow that testimony (Doc. 24, pp. 6-7, quoting Tr. 47-48). Thus, after the law judge's questioning of the plaintiff, the plaintiff's representative asked his client (Tr. 47-48):

> Q: Just taking into account the difficulties that you experience with your neck and your back, do you think that you would be able to perform in a job environment if you could say sit or stand alternative [sic], didn't have to lift more than 10 pounds but you had to be on the job eight hours a day, five days a week?
>
> A: I couldn't do it.
>
> Q: What would prevent you from doing the kind of job that I just described?
>
> A: Well I was in construction when I first got down here and I had to give that up like a few months

> later because of my back and my neck. And you
> know just sitting at phone would, you know, the
> phone [INAUDIBLE] hard, make it difficult for me
> to work there because like I say I do calls and stare
> at computer [INAUDIBLE].

The scope of the plaintiff's issue is unclear. He is arguing that, "[i]t is impossible [for the court] to determine if a credibility determination was properly done, if there is no way to know what the Plaintiff said" (Doc. 24, p. 7). He may also be contending that the inaudible portions affected the law judge's credibility determination. Neither argument has merit.

Notwithstanding the inaudible words, it can be discerned from the context that the plaintiff's response concerned his neck. Thus, the question specified "difficulties that [the plaintiff] experience[s] with [his] back and [his] neck," to which the plaintiff responded that he was unable to work at another job due to his "back and ... neck" and, in particular, that he would have difficulty with the telephone and staring at a computer (Tr. 47-48). Therefore, the only conclusion that makes sense is that the inaudible words concerned his neck. Further, as discussed supra, pp. 6-7, the record already reflects, in detail, the plaintiff's alleged neck pain and the alleged

resulting functional limitations.   Therefore, the inaudible testimony is essentially cumulative.

As indicated, it is unclear whether the plaintiff is contending that the inaudible words affected the law judge's ability to render a credibility determination.  If he is, that contention is baseless.  The law judge obviously heard the plaintiff's testimony that is noted in the hearing transcript to be inaudible.  Notably, when the law judge was having trouble hearing the plaintiff, he said so (Tr. 43; see also Tr. 36, 38).  The law judge gave no indication that he did not hear the response that is in question.

Moreover, the law judge expressly acknowledged in the decision the plaintiff's allegation that he was "disab[led] from all work activity due to neck pain" (Tr. 16). Further, the law judge evaluated the plaintiff's subjective complaints and found that they were not fully credible.

The only argument distinctly articulated by the plaintiff is that the inaudible response will make it impossible for this court to review the law judge's credibility determination.  That contention is unavailing.

The court's task is to determine whether the law judge adequately explained his credibility determination. That task focuses upon the reasons given by the law judge and the plaintiff's subjective complaints.

Here, the law judge, as indicated, considered the plaintiff to have testified that he was "disab[led] from all work activity due to neck pain," as well as other symptoms (id.). Thus, the law judge needed to provide adequate reasons for concluding that the plaintiff was not totally disabled. And in performing judicial review, it is my responsibility to examine the stated reasons for discounting the subjective complaints. There is nothing about the missing words that interferes with that task. In order to prove that point, I will review the law judge's credibility determination, even though the plaintiff has not specifically challenged it.

The Eleventh Circuit has established a standard for evaluating complaints of pain and other subjective complaints. Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005). As the court of appeals explained in Landry v. Heckler, 782 F.2d 1551, 1553 (11th Cir. 1986), the pain standard "required evidence of an underlying medical condition and (1) objective medical evidence that confirms the severity of the alleged pain arising from that

condition or (2) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain." If the law judge determines that, under this test, there is objectively determined medical evidence of an impairment which could reasonably be expected to produce disabling pain, the law judge "must evaluate the credibility of claimant's testimony as to pain, and must express a reasonable basis for rejecting such testimony." Hand v. Heckler, 761 F.2d 1545, 1549 n.6 (11th Cir. 1985).

The law judge properly applied the Eleventh Circuit's pain standard. The law judge recognized the need to articulate a credibility determination, and he referred to the pertinent regulations and Social Security rulings (Tr. 16).   Moreover, he set out the two-step process that the regulations and rulings establish (id.).  He even cited Landry (id.).  This demonstrates that the law judge employed the proper standards. See Wilson v. Barnhart, 284 F.3d 1219, 1225–26 (11th Cir. 2002).

The law judge also reviewed in detail the medical evidence and summarized the plaintiff's allegations of disabling impairments (Tr. 16-21). Thus, the law judge specified that the plaintiff alleged "disability from all

work activity due to neck pain, back pain radiating into the legs, shortness of breath, fainting spells, anemia, abdominal pain, and bleeding ulcers" (Tr. 16).

Significantly, the law judge did not wholly discount the plaintiff's complaints of pain. Thus, after considering the plaintiff's testimony, along with the objective medical evidence, the law judge limited the plaintiff's residual functional capacity to a restricted range of light work (id.). Furthermore, the law judge included in the residual functional capacity a substantial limitation on the plaintiff's ability to maintain concentration, persistence, or pace for about 4 minutes per workday hour due to pain (id., Tr. 51). Moreover, the past work that the law judge determined the plaintiff could perform is sedentary, so it requires less exertion than the plaintiff's residual functional capacity (Tr. 21). In sum, the law judge rejected only the allegations of total disability (Tr. 20). Specifically, the law judge stated (id.):

> After careful consideration of the evidence, I find that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible for the reasons explained in the decision.

-13-

The law judge then provided several reasons for his credibility determination. Specifically, the law judge explained, in pertinent part (Tr. 19-21):

> [T]he record documents that the claimant has a history of neck and back pain that was treated at various times with narcotic prescription pain medication and other times with simple over-the-counter pain relief. The undersigned recognizes that the claimant underwent surgery for the alleged impairment, which certainly suggests that the symptoms were genuine. While that fact would normally weigh in the claimant's favor, it is offset by the fact that the record reflects that the surgery was generally successful in relieving the symptoms. In support, Dr. [George] Giannakopoulos noted as early as May 2010 that the claimant was doing well after his lumbar surgery. In fact, the claimant apparently responded so well to this procedure that he underwent cervical spine surgery. In February 2011, Dr. Giannakopoulos opined that the claimant was doing well and was neurologically intact. Of note, the claimant reported in August 2011 that he only took over-the-counter medication for pain. Dr. [Amber] Tas observed in October 2011 that the claimant generally had full strength throughout. Most importantly, she observed that the claimant was able to lift, carry, and handle light objects. Basically, the claimant has some limited range of motion issues of the spine secondary to pain and surgical procedures.
>
> ....

-14-

Although the claimant has described daily activities that are fairly limited, two factors weigh against considering these allegations to be strong evidence in favor of finding the claimant disabled. First, allegedly limited daily activities cannot be objectively verified with any reasonable degree of certainty. Secondly, even if the claimant's daily activities are truly as limited as alleged, it is difficult to attribute that degree of limitation to the claimant's medical condition, as opposed to other reasons, in view of the relatively weak medical evidence and other factors discussed in this decision. ...

As for the opinion evidence, the record does not contain any opinions from treating or examining physicians indicating that the claimant is disabled or even has limitations greater than those determined in this decision. Further, given the claimant's allegations of totally disabling symptoms, one might expect to see some indication in the treatment records of restrictions placed on the claimant by the treating doctor. Yet a review of the record in this case reveals no restrictions recommended by the treating doctor.

....

In sum, the above residual functional capacity assessment is supported by the medical evidence. Further, while the claimant had some intermittent complaints, his condition would not preclude all work activity. I find the claimant's assertions and testimony regarding symptoms, including pain and limited functional capacity not fully credible and not fully supported by the medical evidence of

record. As noted, the claimant exhibited near full strength throughout including lifting light objects. Moreover, the claimant apparently had intermittent gait problems but used no assistive devices. The claimant's seemingly exaggerated symptom complaints little back by the evidence [sic], non-compliance with treatment including alcohol stoppage, and contradictory testimony about his drink[ing] problem, directly questions his credibility [sic]. Notwithstanding, I do not doubt that the claimant may experience some discomfort but find no evidence that his symptoms are of such frequency, intensity, or duration as to render him incapable of performing substantial gainful activity on a sustained basis.

This explanation is sufficient to discount the plaintiff's subjective complaints. See Heppell-Libsansky v. Commissioner of Social Security, 170 Fed. Appx. 693, 699 (11th Cir. 2006).

Furthermore, although no specific credibility challenge is asserted, it is noted that the credibility determination is supported by substantial evidence. Thus, Dr. Giannakopoulos, the plaintiff's surgeon, stated following the plaintiff's lumbar and cervical spine surgeries that the plaintiff was "doing well," and that the plaintiff was neurologically intact and off narcotic medication following cervical spine surgery (Tr. 17, 240).

Additionally, the progress notes do not include findings on examination that support the plaintiff's allegations of disabling impairments. Thus, as the law judge stated, the plaintiff exhibited 5/5 muscle strength nearly throughout during his consultative examination with Dr. Tas, and also demonstrated that he was able to lift, carry and handle light objects and perform fine motor skills (Tr. 17-18; see Tr. 295-96). Furthermore, the plaintiff exhibited during multiple hospital visits a full range of motion in the neck (Tr. 284, 365, 378), full range of motion and normal strength in the back and musculoskeletal system, and normal neurological examinations (Tr. 318, 333, 366, 379). Moreover, radiological reports of the thoracic and cervical spine in July 2012 showed only mild spondylosis (Tr. 659, 660). See Belle v. Barnhart, 129 Fed. Appx. 558 (11th Cir. 2005) (normal findings on physical examination are relevant to whether the plaintiff's allegations of debilitating diabetes are credible); 20 C.F.R. 404.1529(c)(2), 416.929(c)(2) ("Objective medical evidence ... is a useful indicator to assist in making reasonable conclusions about the intensity and persistence of symptoms and the effect those symptoms ... may have on [a plaintiff's] ability to work.").

Significantly, as the law judge noted, the record does not contain an opinion from a treating physician, or any other medical source, that the plaintiff is disabled or more limited than the law judge's determination of the plaintiff's residual functional capacity. See Longworth v. Commissioner Social Security Admin., 402 F.3d 591, 596 (6th Cir. 2005) ("a lack of physical restrictions constitutes substantial evidence for a finding of non-disability"). Thus, the only physician to opine on the plaintiff's functional capacity was non-examining reviewing physician Dr. Cristina Rodriguez, who opined that the plaintiff could perform light exertional work (Tr. 74-75). In this regard, Dr. Rodriguez noted that the consultative examination was normal except for minimally decreased cervical and lumbar spine range of motion, and that the plaintiff was neurologically intact and demonstrated a normal gait (Tr. 75).

Moreover, the record reflects that the plaintiff's last job prior to filing for benefits did not end because the plaintiff's medical condition was disabling, but rather he was fired due to a "labor dispute" (Tr. 177). Further, the plaintiff received unemployment compensation during the alleged disability period (see Tr. 146, 159), which contravenes his allegation of

disability, as an individual must aver that he is able to work in order to receive such compensation.

This discussion of the law judge's credibility determination shows that there is no merit in the plaintiff's contention that some inaudible words in the plaintiff's testimony makes judicial review of that determination impossible.

It is, therefore, upon consideration

ORDERED:

That the decision of the Commissioner of Social Security is hereby **AFFIRMED**. The Clerk shall enter judgment in accordance with this Order and **CLOSE** this case.

DONE and ORDERED at Tampa, Florida, this *15ᵗʰ* day of September, 2014.

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE

-19-